UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VALERIE SMITH, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )    2:12-cv-259 |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social | ) |
| Security, | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Plaintiff's Motion for an Award of Attorney's Fees Pursuant to the EAJA [DE 29] filed on December 6, 2013. For the following reasons, the motion is **GRANTED.**

*Background*

The plaintiff, Valerie Smith, filed an application for Social Security Disability Benefits and Supplemental Security Income on March 30, 2010, alleging a disability onset date of March 17, 2009. Smith's applications initially were denied and were denied again upon reconsideration. Smith requested a hearing, and a hearing was held on January 21, 2009 before Administrative Law Judge (ALJ) Kathleen Mucerino. The ALJ issued her decision denying benefits on April 8, 2011. Smith requested review by the Appeals Council, but her request was denied on May 7, 2012, making the decision of the ALJ the final decision of the Commissioner. Smith filed her petition for judicial review with this court on July 6, 2012.

Attorney Daniel Dukich, who has written approximately 120 Social Security briefs for Attorney Barry Schultz's law firm, prepared Smith's opening brief. He raised several issues,

1

which included challenging the ALJ's consideration of Smith's treating source's opinions, credibility, vocational expert testimony, medication side effects, and the limitation of concentration, persistence and pace. He expended 29.6 hours preparing and editing the brief, and Attorney Schultz, who has significantly more experience, spent 3.3 hours reviewing Attorney Dukich's work. Smith's attorneys also prepared a reply brief in support of her claim.

On September 9, 2013, this court issued its decision remanding the case to the Social Security Administration for further proceedings. Smith now moves for attorneys' fees under the Equal Access to Justice Act. The Commissioner challenges the reasonableness of the plaintiff's fee petition.

*Discussion*

The Commissioner disputes whether the plaintiff's fee request was reasonable. The EAJA allows a prevailing plaintiff to recoup reasonable attorney fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." **28 U.S.C. § 2412(d)(1)(A)***; see also ****Commissioner, I.N.S. v. Jean**, 496 U.S. 154, 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990*); **Golembiewski v. Barnhart**, 382 F.3d 721, 723-34 (7th Cir. 2004). A fee application must be filed within thirty days of a court's final judgment and must satisfy the following requirements: (1) a showing that the applicant is a "prevailing party;" (2) a showing that the application is "eligible to receive an award;" (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees

2

and other expenses were computed;" and (4) an "alleg[ation] that the position of the United States was not substantially justified." **28 U.S.C. § 2412(d)(1)(B);** *see also* ***Scarborough v. Principi***, 541 U.S. 401, 405, 124 S.Ct. 1856, 158 L.Ed.2d 674 (2004); ***United States v. Hallmark Constr. Co***., 200 F.3d 1076, 1078-79 (7th Cir. 2000) (setting forth the elements of § 2412(d)(1)(A) & (B))).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." **28 U.S.C. § 2412(d)(2)(A)(ii)**. The Commissioner argues that Smith has not met her burden of showing that the enhanced rate she requested is justified. In ***Matthews-Sheets v. Astrue***, 653 F.3d 560, 563 (7th Cir. 2011), the Seventh Circuit explained that an attorney is not entitled to an inflation adjustment but that he must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government. ***Mathews-Sheets***, 653 F.3d at 563. An attorney must "show that without a cost of living increase . . . a lawyer capable of competently handling the challenge that his client mounted to the denial of social security benefits could not be found in the relevant geographical area to handle such a case." ***Matthews-Sheets v. Astrue***, 653 F.3d at 565.

The Commissioner complains that Smith's attorney used the "All Urban Consumers" price index instead of the Midwest Urban CPI. Smith contends, and the court agrees, that the Midwest Urban CPI is a more accurate measure of the cost to provide legal services in this geographic area.

The Commissioner further contends that the time the plaintiff's attorney expended was excessive. Specifically, Attorney Dukich spent 29.6 hours preparing the opening brief, which

3

the Commissioner argues contained research on fairly basic issues in Social Security law such as treating source opinions, credibility, vocational expert testimony, medication side effects, and the limitation of concentration, persistence and pace, and then edit the brief. The Commissioner argues that the government should not have to bear the cost of training new attorneys and that some of the hours he expended should be reduced as a result of his lack of experience. For this same reason, the Commissioner argues that the 3.3 hours Attorney Schultz spent reviewing Attorney Dukich's work should be reduced because Attorney Schultz could have completed the same work in less time.

Smith's counsel has responded that Attorney Dukich was experienced and has prepared approximately 120 Social Security briefs. There is no evidence of record that Smith's counsel was asking for training time for Attorney Dukich. Rather, the number of hours Smith's attorneys billed was within the range of hours that court repeatedly has found to be reasonable. The record was fairly lengthy, and Attorney Dukich raised multiple issues on appeal, as the Commissioner acknowledged. Although these may have been "routine" issues, there were multiple issues, and it takes time to determine which issues to raise and to apply the law to the facts of the particular case. Moreover, it is common for a senior attorney to review the work for a less experienced attorney. In light of these considerations, the court does not agree that the time Smith's attorneys spent preparing the briefs was excessive.

Based on the foregoing reasons, the court **GRANTS** Smith's motion and awards fees in the amount of $9,354.24 plus costs of $18.60. If counsel can verify that Smith owes no pre-existing debt subject to offset, the Commissioner will direct that the award be made payable to Smith's attorney if the parties have a signed EAJA assignment.

ENTERED this 4th day of March, 2014

                                              /s/ Andrew P. Rodovich
                                              United States Magistrate Judge